**Motion granted; Dismissed and Memorandum Opinion filed August 9, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00462-CR

**TORY DEVON STEVENS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1296406**

## M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to forgery. On February 23, 2011, in accordance with the terms of a plea bargain agreement with the State, the trial court deferred a finding of guilt, placed appellant on community supervision for three years, and assessed a $500 fine. The State subsequently moved to adjudicate appellant's guilt. Appellant entered a plea of true to the allegations in the motion. As part of an agreement with the State on punishment, appellant signed a written waiver of his right to appeal. On January 27, 2012, the trial court sentenced appellant to confinement for six months in the State Jail Division of the Texas

Department of Criminal Justice and assessed a $500 fine. No motion for new trial was filed. Appellant's notice of appeal was not filed until May 4, 2016.[1]

On July 13, 2016, the State filed a motion to dismiss this appeal, arguing the notice of appeal is untimely and that appellant has no right to appeal. The motion is granted.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Appellant previously filed a notice appeal from this same judgment on December 6, 2013. On January 23, 2014, this court dismissed the appeal for want of jurisdiction. *Stevens v. State*, No. 14-13-01108-CR, 2014 WL 265707 (Houston [14th] 2014, no pet.) (mem. op. not designated for publication).